[Civ. No. 42454. First Dist., Div. Three. Aug. 22, 1978.]

A. J. SEELENFREUND, Plaintiff and Appellant, v.
TERMINIX OF NORTHERN CALIFORNIA, INC., et al.,
Defendants and Respondents.

**COUNSEL**

Henry Hill for Plaintiff and Appellant.

George A. Weinkauf, Jr., for Defendants and Respondents.

**OPINION**

**FEINBERG, J.**—This case comes before us upon the sustaining of a demurrer to the complaint without leave to amend. Plaintiff in the court below has appealed from the judgment of dismissal thereupon entered.

In 1974, appellant hired respondent to make a termite inspection of certain premises that appellant was in the process of buying. The inspection and report were made in February 1974. Appellant then purchased the property. In February 1976, appellant had respondent make another termite inspection. This 1976 inspection disclosed a

number of problems which had not been reported in the 1974 inspection but which allegedly existed then.

In 1977, appellant filed a complaint against respondent, alleging a negligent breach of an oral contract. Respondent demurred on the ground that the cause of action was barred by the two-year statute of limitations. (Code Civ. Proc., § 339, subd. 1.) Both sides agree that two years is the applicable time period. They disagree as to when the two years began to run.

■ We hold that the statute of limitations began to run when appellant knew or should have known that the contract had been negligently breached.

■ A statute of limitations starts to run upon the accrual of a cause of action. (Code Civ. Proc., § 312; *Harrigan* v. *Home Life Ins. Co.* (1900) 128 Cal. 531, 540 [58 P. 180, 61 P. 99]; *California State Auto. Assn. Inter-Ins. Bureau* v. *Cohen* (1975) 44 Cal.App.3d 387, 395 [118 Cal.Rptr. 890].) A cause of action accrues "upon the occurrence of the last element essential to the cause of action." (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 187 [98 Cal.Rptr. 837, 491 P.2d 421].) Put another way, a cause of action accrues when " 'the party owning it is entitled to bring and prosecute an action thereon.' " (*United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.* (1970) 1 Cal.3d 586, 596 [83 Cal.Rptr. 418, 463 P.2d 770].) ■ "Generally, the right to bring and prosecute an action arises immediately upon the commission of the wrong claimed, . . ." (*Collins* v. *County of Los Angeles* (1966) 241 Cal.App.2d 451, 454 [50 Cal.Rptr. 586]; see *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc.,* *supra,* at p. 596.) With reference to Code of Civil Procedure section 339, subdivision 1, typically the cause of action will accrue and the limitations period will start running upon the negligent breach of the oral contract.

In some situations, though, a cause of action does not accrue until the aggrieved party discovers, or should discover, the existence of the cause of action. Thus, the Legislature has provided that in situations involving fraud, mistake or embezzlement, the cause of action is deemed not to accrue until the aggrieved party discovers the facts constituting the fraud, mistake or embezzlement. (Code Civ. Proc., § 338, subds. 4 and 5.) The courts, too, have carved out such an exception in situations involving a fiduciary relationship such as professional malpractice cases.[1]

[1]See *United States Liab. Ins. Co.* v. *Haidinger-Hayes, Inc., supra,* at page 596, for listings of the occupations or professions that fall within this rule of accrual upon

The rule of accrual upon discovery in professional malpractice actions is supported by three considerations. *First,* a professional is bound by a special duty not merely to perform one's work with ordinary care but to use the skill, prudence and diligence commonly exercised by one's professional peers. Corollary to this first consideration is the inability of a lay client to recognize the negligence of a professional. *Second,* a client may not even have the opportunity to observe the negligent conduct of a professional. *Third,* all of the professionals who are subject to the rule of accrual upon discovery occupy a fiduciary relationship with respect to their clients. ■ Thus, professionals are under a duty to disclose to the client all facts which materially affect the rights and interests of the client. Failure of a professional to inform a client of the professional's negligent activity is therefore a breach of duty and is frequently treated as a fraudulent concealment of the cause of action. (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d at pp. 188-189.)

■ Appellant asserts that respondent was his agent and that therefore a fiduciary relationship existed justifying the application of a rule of discovery. (See *Twomey* v. *Mitchum, Jones & Templeton, Inc.* (1968) 262 Cal.App.2d 690 [69 Cal.Rptr. 222].) We decline to hold that an agency relationship existed here for respondent did not represent appellant in any dealings with third parties. (Civ. Code, § 2295.)

■ Respondent argues and the trial court held that "the rule of discovery" applies to the running of the statute of limitations *only,* inter alia, when a fiduciary relationship existed between the contending parties, relying on *Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra.* We do not construe *Neel* so narrowly.

The state has undertaken an elaborate statutory design for the regulation of structural pest control operators. (Bus. & Prof. Code, § 8500 et seq.)

Thus it is unlawful to engage in the practice of structural pest control unless one is so licensed by the state. (Bus. & Prof. Code, § 8550.)

Pest control is divided into three branches with separate qualifications and examinations required for each such branch—termite control is one such branch. (Bus. & Prof. Code, §§ 8560, 8562; Cal. Admin. Code, tit.

discovery. To this list must now be added attorneys. (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d 176.)

16, § 1937.) An applicant for a pest control license must be qualified, inter alia, in the use and understanding of poisonous and other chemicals used in pest control as well as in the theory and practice of pest control in the branch or branches in which he seeks a license. (Bus. & Prof. Code, § 8566, subds. (c) and (d).)

A written and detailed report of a termite inspection specifying what inspection findings are to be reported is required to be delivered by the licensee to the person requesting the inspection. (Bus. & Prof. Code, § 8516; Cal. Admin. Code, tit. 16, § 1990.)

It is a misdemeanor to · violate any provision of Business and Professions Code chapter 14. (Bus. & Prof. Code, § 8553.)

In the case at bench, appellant, in his complaint, alleged negligent acts which would appear to be violation of the statutory duty to report. (Bus. & Prof. Code, § 8516, subd. (b) 6, 7.)

From the statutory scheme, it can be readily noted, as the trial court observed, that the case at bench displays the same considerations but one which led the *Neel* court to adopt a rule of discovery. What is lacking, as the trial court correctly noted, is the existence of a fiduciary relationship between the parties. In this respect, the court in *Neel* said, "The duty·of a fiduciary embraces the obligation to render a full and fair disclosure to the beneficiary of all facts which materially affect his rights and interests." (*Id.*, at pp. 188-189.)

In *Neel*, the duty of "full and fair disclosure" arose out of a fiduciary relationship. Here, a similar imperative of reporting arose by statutory mandate. We do not perceive that the origin of the duty should determine when the statute of limitations should run for negligent breach of that duty.

■ "The *principal purpose* of the rule permitting postponed accrual of certain causes of action is to protect aggrieved parties who, with justification, are ignorant of their right to sue." (Italics added.) (*Tijsseling v. General Acc. etc. Assur. Corp.* (1976) 55 Cal.App.3d 623, 628 [127 Cal.Rptr. 681], citing *Neel v. Magana, Olney, Levy, Cathcart & Gelfand, supra,* 6 Cal.3d at pp. 188-189.)

■ Surely in the case at bench, appellant, in light of the specialized knowledge required, could, with justification, be ignorant of his right to

sue at the time the termite inspection was negligently made and reported; he has so alleged and, for purposes of this appeal, it must be taken to be true.

In *Neel*, "Postponement of accrual of the cause of action until the client discovers, or should discover, the material facts in issue vindicates the fiduciary duty of full disclosure; . . ." (At p. 189.) In the case at bench, postponement vindicates the statutory duty to report.

In so holding, we note that we do not blaze a new trail but follow in the path marked out in *Allred* v. *Bekins Wide World Van Services* (1975) 45 Cal.App.3d 984 [120 Cal.Rptr. 312]. In *Allred,* the plaintiff alleged that the defendant van company had negligently packed and shipped his goods resulting in damage to those goods. This court held that the statute of limitations began to run when the plaintiff discovered, or should have discovered, his cause of action against the carrier and not from the date of packing and shipping.

The judgment is reversed and the cause remanded for further proceedings consistent herewith.

Scott, Acting P. J., and Drewes, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.