[Civ. No. 16711. Fourth Dist., Div. One. Jan. 24, 1979.]

MARGARET EARLEY MANGUSO, Plaintiff and Appellant, v.
OCEANSIDE UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Jones, Hatfield, Penfield & Garrett and Barton M. Myerson for Plaintiff and Appellant.

Higgs, Fletcher & Mack, Harry L. Carter and Gregg C. Sindici for Defendants and Respondents.

## OPINION

HARELSON, J.*—Margaret Earley Manguso's action is one for libel against a former school principal, Ben Fugate, under whom she worked as a teacher, and against Oceanside Unified School District, the school district employing them, for alleged defamatory statements Fugate made in a letter he is alleged to have caused to be placed in her permanent personnel file with the school district.

Manguso filed her complaint on December 3, 1976, and the demurrer of Fugate and the district was sustained without leave to amend on May 26, 1977, on the ground her action was barred by the applicable statute of limitations found in Code of Civil Procedure section 340.

The statement of "facts" set forth in Manguso's opening brief and upon which this appeal is made are allegations from her complaint. No evidence has been adduced to support such allegations. Those alleged "facts" are:

Manguso is trained and qualified as an elementary school teacher and certified to practice in the State of California. In August of 1960, while she was employed by the district, and while Fugate was acting within the scope of his employment, the district and Fugate authored a letter containing certain libelous statements concerning her. The district and Fugate caused this letter to be placed in her confidential personnel file in the district's personnel office in August 1960, where it remained until May 25, 1976. During this entire period the letter was read by or to Manguso's prospective employers and agents, with the result Manguso was unable to obtain employment as an elementary school teacher in San Diego County from 1963 to the present. The file in which the letter was placed was confidential and Manguso did not discover its existence until May 25, 1976.

The sole issue presented by this appeal is whether the trial court properly sustained the demurrer on the ground Manguso's action was barred by Code of Civil Procedure, section 340, subdivision 3, which "specifies a one-year statute of limitations for an action for libel, slander, . . ." Manguso acknowledges this is the applicable statute of limitations, the statute begins to run when the cause of action accrues, and as a general rule a cause of action for libel accrues when the defamatory matter is published. Manguso has made no allegations the letter was

---

*Assigned by the Chairperson of the Judicial Council.

published, or republished, within one year prior to the filing of her complaint. Therefore, if the general rule regarding accrual is applied here, her cause of action is barred.

Manguso contends, however, under the facts of her case as set forth in the complaint, the date upon which her cause of action is held to have accrued should be determined in accordance with the "rule of discovery"; i.e., her cause of action should be held not to have accrued until she knew, or should have known, all material facts essential to show the elements of her cause of action.

In *Cain* v. *State Farm Mut. Auto. Ins. Co.,* 62 Cal.App.3d 310 [132 Cal.Rptr. 860], plaintiffs brought an action against an insurance company for damages for violation of their right to privacy which appeared to have occurred in 1969. Plaintiffs alleged they first became aware of the invasion of privacy on March 6, 1971, and filed their action on May 14, 1974. The court held that Code of Civil Procedure, section 340, subdivision 3 providing a one-year statute of limitations for the commencement of certain actions was the applicable statute of limitations. Following the trend toward the discovery rule and away from the strict rule in respect to the time for the accrual of the cause of action, the court held the rule of discovery attends Code of Civil Procedure section 340, subdivision 3 in its application to actions for damages for violation of the right of privacy. The court thus held the plaintiffs' cause of action did not accrue until they discovered or should have discovered their cause of action.

In the case of *Saliter* v. *Pierce Brothers Mortuaries,* 81 Cal.App.3d 292 [146 Cal.Rptr. 271], the court held personal injury cases based upon negligent breach of contract are governed by the one-year statute of limitations prescribed by Code of Civil Procedure section 340, subdivision 3. Plaintiff sought to bring himself within the operation of the "discovery rule" a recognized exception to the strict operation of the statute of limitations. The court noted in a growing variety of cases, courts have held the statute of limitations does not begin to run until the plaintiff discovered or had notice of all facts which are essential to the cause of action. The court stated: "In order to invoke this special defense to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery, and (2) the inability to have made earlier discovery despite reasonable diligence. [Citations] Mere conclusory assertions that delay in discovery was reasonable are insufficient and will not enable the complaint to withstand general

demurrer. [Citation]." (*Saliter* v. *Pierce Brothers Mortuaries, supra,* 81 Cal.App.3d 292, 297.)

The court concluded, however, in the *Saliter* case under the facts alleged, plaintiff had discovered or had notice of all facts essential to the asserted cause of action 17 months before he filed his first complaint.

In *Seelenfreund* v. *Terminix,* 84 Cal.App.3d 133 [148 Cal.Rptr. 307], a purchaser of real property brought an action against a licensed termite inspector for negligent breach of an oral contract to make a termite inspection and report thereon. After obtaining the report plaintiff purchased the property. A subsequent inspection of the property two years later disclosed problems which had not been reported in the earlier inspection but which had allegedly existed at that time. Defendant demurred to the complaint on the ground the cause of action was barred by the two-year statute of limitations. Although both sides agreed two years was the applicable time period, they disagreed as to when the two years began to run. The demurrer was sustained without leave to amend, and a judgment of dismissal was entered thereon. The defendant argued, and the trial court held, the "rule of discovery" exception to the running of the statute of limitations applies only when a fiduciary relationship existed between the contending parties. The appellate court did not agree, holding the two-year statute began to run when plaintiff knew or should have known the contract had been negligently breached.

In the instant case the district first cites *Moore* v. *United States F. & G. Co.,* 122 Cal.App. 205, 208 [9 P.2d 562], where the court said: "There is no question that any cause of action for libel accruing more than one year prior to the commencement of the action is barred by limitations."

*Moore* is a 1932 case not involving the "rule of discovery." Furthermore, most of the use and development of the rule has taken place since this decision.

As additional authority for its contention the one-year limitation applies without exception the district cites *Belli* v. *Robert Brothers Furs,* 240 Cal.App.2d 284 [49 Cal.Rptr. 625], and *Campbell* v. *Jewish Com. for P. Service,* 125 Cal.App.2d 771 [271 P.2d 185]. The district states those cases implicitly reject any argument that the statute of limitations was tolled by failure to discover the alleged defamatory publication. We do not agree. The "rule of discovery" was not an issue in these cases—implic-

itly or otherwise. The *Belli* action was governed by the California Uniform Single Publication Act. In *Campbell* the libel was alleged to have been published on December 10, 1945, and the complaint was not filed until April 23, 1952. The court held a libel uttered but once is not a continuous thing. Thus the libel was found to have occurred on publication and was, therefore, barred by the statute of limitations.

The district also points to *Brown* v. *Chicago, Rock Island & Pacific Railroad Co.* (W.D.Mo. 1963) 212 F.Supp. 832; affd. (8th Cir. 1963) 323 F.2d 420 as a case factually similar to the case at bar. In the *Brown* case plaintiff alleged he had not received notice of a letter defaming him (Apr. 16, 1958) until more than a year (Nov. 1959) after its mailing (Apr. 16, 1958). The plaintiff's action was not commenced until February 14, 1961—a date more than two years after the letter was mailed and more than one year after plaintiff received knowledge of the letter. Plaintiff argued his cause of action accrued and the statute commenced to run when he sustained ascertainable damage as a result of the libel. The court, in rejecting his argument and holding the statute of limitations had begun to run upon the publication of the letter on April 17, 1958, reasoned the action for defamation was based upon injury to character in the opinion of other men. Thus, plaintiff's injury was found to have taken place when the defamatory letter was received by its addressee, not when the plaintiff learned of its existence. *Brown*, however, was a federal case applying Missouri law and is distinguishable from our case in that the letter involved was not confidential. The *Brown* court concluded by noting it should not be overlooked even if the date of publication could be said to have been in November of 1959, it is apparent plaintiff still had several months within which he could have filed his action but he did not act quickly enough.

An important consideration is the purpose of statutes of limitations. ■ " ' "The statute of limitations is a statute of repose, enacted as a matter of public policy to fix a limit within which an action must be brought . . . and is intended to run against those who are neglectful of their rights and who fail to use reasonable and proper diligence in the enforcement thereof. . . . The underlying purpose of statutes of limitations is to prevent the unexpected enforcement of stale claims concerning which persons interested have been thrown off their guard by want of prosecution." [Citations.]' If the plaintiffs' allegations of lack of knowledge are sustained they cannot be accused of being neglectful of their rights or of using reasonable and proper diligence to enforce them. It is not the policy of the law to unjustly deprive one of his remedy. On the

other hand, if the proof shows knowledge or cause for knowledge there is no policy which requires protection of the plaintiffs." (*Howe* v. *Pioneer Mfg. Co.*, 262 Cal.App.2d 330, 345-346 [68 Cal.Rptr. 617].)

■ " 'The *principal purpose* of the rule permitting postponed accrual of certain causes of action is to protect aggrieved parties who, with justification, are ignorant of their right to sue.' [Citations]." (*Seelenfreund* v. *Terminix, supra,* 84 Cal.App.3d 133, 138.)

"This [discovery rule] exception is based on the notion that statutes of limitations are intended to run against those who fail to exercise reasonable care in the protection and enforcement of their rights; therefore, those statutes should not be interpreted so as to bar a victim of wrongful conduct from asserting a cause of action before he could reasonably be expected to discover its existence." (*Saliter* v. *Pierce Brothers Mortuaries, supra,* 81 Cal.App.3d 292, 297.)

■ We hold the rule of discovery attends Code of Civil Procedure section 340, subdivision 3, in its application to actions for damages for libel. Our holding is confined to the point at which the statute of limitations starts running in actions for damages for libel. We have not determined whether Manguso has stated a cause of action or has alleged or established the necessary facts required to invoke this special defense to the statute of limitations.

Since the superior court has determined the rule of discovery was inapplicable to Manguso's action, the judgment is reversed and the cause remanded for further proceedings not inconsistent with our holding.

Cologne, Acting P. J., and Staniforth, J., concurred.