[No. A038139. First Dist., Div. Three. Feb. 28, 1989.]

EUGENE SCHNEIDER et al., Plaintiffs and Appellants, v.
UNITED AIRLINES, INC., et al., Defendants and Respondents.

**COUNSEL**

Eugene Schneider, in pro. per., for Plaintiffs and Appellants.

Wright, Robinson, McCammon, Osthimer & Tatum, Charles E. Osthimer III and Camille K. Fong for Defendants and Respondents.

**OPINION**

**WHITE, P. J.**—Plaintiffs and appellants Eugene Schneider and Bernice Schneider appeal from the judgment of the Superior Court of Alameda County entered in favor of defendants and respondents United Airlines, Inc., and Roy Thomas, Inc. The judgment was entered in favor of respondents on the ground that appellants' causes of action stated in their amended complaint were barred by the one-year statute of limitations set out in Code of Civil Procedure section 340, subdivision 3, for defamation actions. The only issue in the instant case is when the statute of limitations began to run on appellants' causes of action for defamation as stated in their amended complaint.

## FACTS

The trial was bifurcated so that the parties could try the statute of limitations issue before any evidence was taken on the elements of appellants' causes of action. This issue was tried solely on the basis of stipulated facts and documentary evidence introduced at trial.

The original complaint for defamation (libel) was filed by appellants on March 19, 1982.[1] The stipulated facts and documentary evidence introduced

---

[1] Civil Code section 45 defines libel as follows: "Libel is a false and unprivileged publication by writing, printing, picture, effigy, or other fixed representation to the eye, which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." Civil Code section 45a provides in part: "Defamatory language not libelous on its face is not actionable unless the plaintiff alleges and proves that he has suffered special damage as a proximate result thereof. Special damage is defined in Section 48a of this code." Civil Code section 48a defines special damages as "all damages which plaintiff alleges and proves that he has suffered in respect to

at the bifurcated trial establish that in April of 1980, respondents transmitted to TRW Credit Data (TRW), a consumer credit reporting organization, information that respondents had "charged off" the sum of $200 on appellants' account, a statement which appellants claim is defamatory. Appellants alleged that respondents transmitted the information to TRW with the intention that TRW would republish the false information. Thereafter, in a letter dated August 1, 1980, United California Bank informed appellants that it could not issue any credit cards to them. The letter stated that United California Bank was influenced in this decision by information received from TRW. On August 22, 1980, appellants received a copy of the credit report prepared by TRW containing the credit information on appellants that TRW had received from respondents.

On a date less than one year prior to the filing of this complaint, appellants learned that TRW had republished the false statements by transmitting them to Union Bank. On April 3, 1981, Union Bank sent a letter to appellants stating that their request for a check guarantee card was being denied because of a "Charge off." In this letter Union Bank stated it had received information from TRW which Union Bank used in making its decision.

Appellants' causes of action in the first amended complaint are based entirely on republication by TRW to Union Bank of the credit report containing the allegedly false information obtained from respondents. Appellants assert that the republication by TRW to Union Bank occurred on or about April 1, 1981, when TRW supplied the credit report to Union Bank. Respondents also state in their brief on appeal that TRW provided the allegedly false information contained in the credit report to Union Bank on or about April 1, 1981.

The judgment of the trial court states: "On review of all of the evidence [the parties' stipulated facts] and pleadings, the Court finds that [appellants'] causes of action alleged in the First Amended Complaint arose not later than August 22, 1980." We hold that appellants' causes of action for defamation under their amended complaint could not have accrued as early as August 22, 1980, but accrued when TRW republished the allegedly defamatory statement of respondents by sending Union Bank a copy of the credit report. It is not disputed in this appeal that the republica-

his property, business, trade, profession or occupation, including such amounts of money as the plaintiff alleges and proves he has expended as a result of the alleged libel, and no other; . . ." Appellants allege in their amended complaint that the alleged defamatory matter published by respondents was libelous on its face. Appellants also allege in their amended complaint that even if the statement published by respondents is not libelous on its face, they have suffered special damages.

tion of the credit report by TRW occurred on or about April 1, 1981. The remainder of this opinion will discuss why the original complaint filed on March 19, 1982, was not barred by the one-year statute of limitations for defamation actions set out in Code of Civil Procedure section 340, subdivision 3, and therefore the amended complaint based upon the same conduct of respondents was not barred by the statute of limitations. (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1162, pp. 579-581.)

## DISCUSSION

■ Respondents can be held liable for the publication by TRW of the information they supplied TRW. This court in an opinion written by Justice Scott held that the originator of the defamatory matter can be liable for each "'repetition'" of the defamatory matter by a second party, "'if he could reasonably have foreseen the repetition.'" (*McKinney* v. *County of Santa Clara* (1980) 110 Cal.App.3d 787, 795, 797 [168 Cal.Rptr. 89].) The California Supreme Court has approved of our decision in *McKinney* and has stated the following: "According to the Restatement Second of Torts (1977) section 576, the original defamer is liable if either 'the repetition was authorized or intended by the original defamer' (subd. (b)) or 'the repetition was reasonably to be expected' (subd. (c)). California decisions follow the restatement rule. [Citations.] In *McKinney* v. *County of Santa Clara* (1980) 110 Cal.App.3d 787 [citation], the court, holding a defendant liable for a foreseeable republication by the plaintiff himself, explained that '[t]he rationale for making the originator of a defamatory statement liable for its foreseeable republication is the strong causal link between the actions of the originator and the damage caused by the republication.'" (*Mitchell* v. *Superior Court* (1984) 37 Cal.3d 268, 281 [208 Cal.Rptr. 152, 690 P.2d 625].) Clearly, when respondents gave TRW, a credit reporting agency, information pertinent to appellants' credit, they necessarily must have foreseen that said information would be distributed to others (republished) as that is the function of a credit reporting agency.

■ As noted above the causes of action alleged in appellants' amended complaint are based solely upon the information supplied by TRW to Union Bank (the publication) which resulted in Union Bank denying appellants' application for a check guarantee card in a letter dated April 2, 1981. The parties agree that TRW supplied Union Bank with the credit report on appellants on or about April 1, 1981. Therefore, it is difficult to determine on what basis the trial court determined that the causes of action alleged in the first amended complaint arose no later than August 22, 1980. The only logical explanation for the trial court's ruling that the causes of action alleged in the amended complaint arose no later than August 22, 1980, is that this is the date that appellants discovered that respondents had pub-

lished the allegedly defamatory matter by submitting it to TRW. The trial court must have regarded the republication by TRW of the allegedly defamatory matter supplied by respondents to be a publication for which respondents were not liable. As noted above the law in California is contrary to the position necessarily adopted by the trial court. (See also *Neary* v. *Regents of University of California* (1986) 185 Cal.App.3d 1136, 1147 [230 Cal.Rptr. 281].)

Under Code of Civil Procedure section 340, subdivision 3, a complaint for defamation must be brought within one year of the accrual of the cause of action for defamation. As a general rule a cause of action for libel accrues when the defamatory matter is published. (*Manguso* v. *Oceanside Unified School Dist.* (1979) 88 Cal.App.3d 725, 727 [152 Cal.Rptr. 27].) A party has a cause of action for libel each time the defamatory matter is published. (*Kanarek* v. *Bugliosi* (1980) 108 Cal.App.3d 327, 332-333 [166 Cal.Rptr. 526]; *Wiener* v. *Superior Court* (1976) 58 Cal.App.3d 525, 529 [130 Cal.Rptr. 61].)

The Uniform Single Publication Act (Civ. Code, §§ 3425.1-3425.5) is not applicable to the instant case even though the same alleged defamatory matter was published and republished. The act provides there is only one publication in mass communications of a single article in a newspaper or book or magazine which is distributed to more than one person. The act was designed "to protect a publisher who prints numerous copies of libelous matter, which copies are then distributed over a substantial period of time. A new cause of action for libel does not arise each time a new reader purchases the material. The protection of the act is not extended, however, to situations where, knowing that matter is allegedly libelous, the defendant republishes." (*Kanarek* v. *Bugliosi, supra,* 108 Cal.App.3d at p. 332.) "'[T]he single publication rule . . . does not include separate aggregate publications on different occasions. . . . In these cases the publication reaches a new group and the repetition justifies a new cause of action.'" (*Id.,* at p. 333 [held: the republication of hardcover book in paperback form was a separate publication resulting in a new cause of action which caused the statute of limitations to start running anew from the date of publication of the paperback book].) "The cases in California and elsewhere which have evaluated the Uniform Single Publication Act demonstrate that the act was not designed to give unending immunity for repeated publications of libelous matter." (*Id.* at p. 332.) As noted above, where republication reaches a new entity or person, repetition justifies a new cause of action. The second publication by TRW is the publication under consideration in this case. The exhibits demonstrate that each publication reached a different entity.

■ If a party could not reasonably have discovered the facts giving rise to the cause of action for libel (i.e., defamatory matter contained in a confidential file and communicated to persons of which plaintiff is unaware), the statute of limitation starts to run upon discovery of the publication of the defamatory matter. (*McGuiness* v. *Motor Trend Magazine* (1982) 129 Cal.App.3d 59, 62-63 [180 Cal.Rptr. 784]; *Manguso* v. *Oceanside Unified School Dist., supra,* 88 Cal.App.3d at pp. 728-731.)

■ Respondents argued in the trial court as they do on appeal that the statute of limitations began to run upon appellants' discovery of the alleged defamatory information contained in the TRW report (Aug. 22, 1980). It appears that respondents are arguing that once appellants saw the TRW credit report, appellants were aware of the publication by respondents of said information. The rule of discovery for calculating the statute of limitations is designed to benefit a plaintiff by tolling the statute of limitations until the plaintiff discovers the underlying facts giving rise to the cause of action—discovery of the publication of the defamatory matter. (*Manguso* v. *Oceanside Unified School Dist., supra,* 88 Cal.App.3d at p. 731; *Johnson* v. *Harcourt, Brace, Jovanovich, Inc.* (1974) 43 Cal.App.3d 880, 896 [118 Cal.Rptr. 370].) If a plaintiff is aware of the facts giving rise to a cause of action which accrued before the cause of action on which he is suing based on the same defamatory matter as his earlier cause of action but based on a separate publication, the statute of limitations on the later cause of action does not run from the time of the accrual of the first cause of action. (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 361, pp. 388-389.) Therefore, the fact that appellants had knowledge that defamatory information was published by respondents when they supplied the credit information to TRW does not preclude the application of the rule that a party has a cause of action for libel each time the defamatory matter is published, even if the originator of the defamatory matter did not republish the defamatory matter, as long as republication should have been reasonably foreseeable by the originator.

The person defamed suffers injury each time the defamatory matter is published (or republished) and therefore a separate cause of action accrues for each publication. Each publication is a separate wrongful act. The instant case is an excellent example of the principle that a person suffers injury each time defamatory matter is published. Appellants were denied credit cards on one occasion when the allegedly defamatory matter was published and were denied a check guarantee card on a later occasion when the alleged defamatory matter was republished.

Many cases have allowed a complaint to be filed based upon the republication of the alleged defamatory matter even though an action on the first

publication was dismissed or otherwise decided against the plaintiff. (See, e.g., *McKinney* v. *County of Santa Clara, supra,* 110 Cal.App.3d 787; *Kanarek* v. *Bugliosi, supra,* 108 Cal.App.3d 327.) If the date for the commencement of the running of the statute of limitations on appellants' amended complaint for defamation is August 22, 1980, this would do away with the well-established rule that a new cause of action arises from republication of defamatory matter. "Our holding that a claim must be filed does not deprive appellant of a remedy for future publication of the allegedly defamatory statements. The general rule is that every repetition of a defamation is a separate publication and gives rise to a new cause of action." (*Neal* v. *Gatlin* (1973) 35 Cal.App.3d 871, 877 [111 Cal.Rptr. 117], fn. 4.) It is clear from the above that TRW's providing United California Bank and Union Bank each with a credit report constituted two separate publications. Therefore appellants had two causes of action against respondents on the ground that it was reasonably foreseeable that TRW would republish that allegedly defamatory information that respondents had published when it supplied the information to TRW. Only the publication to Union Bank is the subject of appellants' amended complaint. The cause of action based on this publication was not barred by the statute of limitations.

To summarize, appellants' causes of action alleged in their amended complaint did not accrue until April 1, 1981, when TRW supplied Union Bank with a credit report on appellants. Supplying Union Bank with a credit report containing alleged defamatory matter was a publication for the purposes of the accrual of a cause of action for defamation for which respondents were liable. Therefore, the complaint filed on March 19, 1982, was not barred by the one-year statute of limitations for defamation actions set out in Code of Civil Procedure section 340, subdivision 3. The record in the instant case includes the exhibits and the amended complaint which clearly demonstrate that appellants' causes of action in the amended complaint are based on publication of alleged defamatory matter "[o]n a date less than one year prior to the filing of this complaint" when TRW republished the allegedly defamatory matter of which respondents were the originators by sending the credit report to Union Bank. The trial court's statement that appellants' causes of action alleged in the amended complaint arose no later than August 22, 1980, is clearly not based on the law applicable to the allegations contained in the amended complaint. Our holding that appellants' causes of action alleged in their amended complaint were not barred by the statute of limitations does not reach the issue of whether the alleged defamatory matter published by respondent when respondent supplied the allegedly false information to TRW is libelous.

The judgment is reversed.

Costs of appeal are awarded to appellants.

Barry-Deal, J., and Merrill, J., concurred.