53 F.3d 338
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Robert HAYNES, Plaintiff-Appellant,
v.
Nicholas LEMANN; Alfred A. Knopf, Inc., Defendants-Appellees.
 No. 94-55126.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided April 25, 1995.
As Amended on Denial of Rehearing and Suggestion, Rehearing
En Banc Jan. 31, 1996.
 
 Before: BROWNING, SNEED and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Haynes appeals pro se the district court's grant of summary judgment to defendants. The district court had diversity jurisdiction under 28 U.S.C. Sec. 1332. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Nicholas Lemann is the author of the critically-acclaimed book The Promised Land. Alfred A. Knopf, Inc., published the book in February 1991. The Promised Land chronicles the migration of millions of African-Americans from the rural South to various northern cities between 1940 and 1970. A focus of the book is the story of Ruby Daniels Haynes, who moved from rural Mississippi to Chicago in the 1940's.
 
 
 4
 Plaintiff Robert Haynes is one of Ruby Haynes' eight children. There are several unflattering references to Robert Haynes in The Promised Land. Specifically, the book states that he was "kicked out" of the Navy, involved with gangs as a teenager, and was sexually active at a very early age.
 
 
 5
 Haynes filed suit on March 12, 1993. His pro se complaint asserts claims under California law against Lemann, A. Knopf, and numerous unnamed defendants for defamation, invasion of privacy, breach of an oral contract, and quantum meruit. The district court concluded, among other things, that plaintiff's claims are time barred, and granted summary judgment to defendants. We review de novo. Jesinger v. Nevada Federal Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994).
 
 A. Defamation and Privacy Claims
 
 6
 Haynes contends that the district court erred by granting summary judgment for defendants on his claims of defamation and invasion of privacy. This contention lacks merit.
 
 
 7
 The statute of limitations in California for a claim of defamation or invasion of privacy is one year. See Cal.Civ.Proc. Code Sec. 340(3); Schneider v. United Airlines, 256 Cal.Rptr. 71, 74 (Cal.Ct.App.1989); Wiener v. Superior Court of Los Angeles, 130 Cal.Rptr. 61, 62 (1976). Under California law, however, "republication of a hardcover book in paperback form is a new issue of that book so as to give rise to a new cause of action" for defamation or invasion of privacy. See Kanarek v. Bugliosi, 166 Cal.Rptr. 526, 529-30 (Cal.Ct.App.1980). Haynes submitted a photocopy of the title page of the paperback edition of The Promised Land which listed the publication date as the month March 1992, but nothing in the record indicates the day which the book was published. Because Haynes's complaint was filed in March 12, 1993, it is possible that it fell within the statute of limitations for the republication of the book. We do not address this question, however, in light of Haynes's failure to establish that defendants made the allegedly defamatory statements knowing that they were false or with reckless disregard to their truth.
 
 
 8
 Because The Promised Land addresses matters of public concern, Haynes needed to establish that the allegedly defamatory statements were both false and that they were made with "knowledge of (their) falsity or in reckelss disregard of the truth." See Time, Inc. v. Hill, 385 U.S. 374, 377-79, 387-88 (1967); see also Cox Broadcasting Corp. v. Cohn, 420 U.S. 469, 490 (1975). Haynes presented no evidence that defendants published the allegedly defamatory statements with knowledge of their falsity or with reckless disregard to their truth. Accordingly, the grant of summary judgment was proper. See Time, Inc., 385 U.S. at 387-88.
 
 
 9
 B. Breach of Contract and Quantum Meruit Claims
 
 
 10
 Lemann interviewed Robert Haynes in the course of writing the book. Haynes claims that Lemann promised a payment upon publication of The Promised Land in exchange for the interview.
 
 
 11
 Because the alleged agreement was not memorialized in writing, Haynes' breach of contract claim and quantum meruit claims are subject to a two-year statute of limitations. Cal.Code of Civ.P. Sec. 339(1). "[A] cause of action based upon a breach of contract accrues at the time of the breach." E.O.C. Ord., Inc. v. Kovakovich, 246 Cal.Rptr. 456, 462 (Cal.App.1988). Similarly, a suit for breach of an implied contract, which is the essence of a quantum meruit claim, accrues at the time of the breach. See Estate of Fincher, 174 Cal.Rptr. 18, 23 (Cal.App.1981).
 
 
 12
 In support of their summary judgment motion, defendants submitted uncontroverted evidence that The Promised Land was published on February 15, 1991. Haynes' breach of contract and quantum meruit claims therefore accrued as of that date. Because this action commenced more than two years later, these claims are time barred under California law. Cal.Code of Civ.P. Sec. 339(1).
 
 
 13
 The district court properly granted summary judgment to defendants. Haynes' remaining contentions are wholly without merit.
 
 
 14
 AFFIRMED. Haynes' motion to sanction defense counsel is denied.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Haynes's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3