Filed 10/30/14  Moline v. CBS News CA2/4
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARGARET A. MOLINE, | B245468 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC462111) |
| v. | |
| CBS NEWS INC., | ORDER MODIFYING OPINION AND DENYING REHEARING |
| Defendant and Respondent. | [NO CHANGE IN JUDGMENT] |

THE COURT:*

It is ordered that the unpublished opinion filed October 3, 2014, be modified as follows:

On page 3 the final sentence of the first partial paragraph is modified to read:  No amendment was filed within that time.

Appellant's motion for rehearing is denied.

There is no change in the judgment.

*EPSTEIN, P. J.          MANELLA, J.          COLLINS, J

Filed 10/3/14 (unmodified version)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| MARGARET A. MOLINE, | B245468 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC462111) |
| v. | |
| CBS NEWS INC., | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gregory Alarcon, Judge. Affirmed.

Margaret Moline, in pro. per., for Plaintiff and Appellant.

Jeffer, Mangels, Butler & Mitchell and John J. Lucas, for Defendant and Respondent.

_____

Margaret Moline appeals from a judgment in favor of respondent CBS News Inc. (CBS). The judgment was entered after the trial court sustained in part CBS's demurrer to Moline's complaint and granted its special motion to strike her remaining claim under the anti-SLAPP statute (Code Civ. Pro., § 425.16).[1] CBS was awarded attorney fees and costs. Moline argues she should be allowed to amend her complaint and proceed to a jury trial. We find no error and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On February 15, 2008, a local CBS-owned television station in New York broadcast a report about a device called the "Electro Physiological Feedback Xrroid system" (EPFX). The report stated that "thousands of practitioners around the country . . . say it can detect, even treat diseases," but only one practitioner, Kathryn Krosta in New Jersey, was mentioned by name. According to the report, the EPFX was not supported by studies or approved by the Food and Drug Administration, and it was banned in the United States; its inventor was a wanted felon. The report suggested people with serious health problems were taken advantage of.

In May 2011, Moline, in propria persona, filed a complaint for fraud and negligent misrepresentation against CBS. She alleged the claims that the EPFX was illegal and its inventor a felon were false, that the report was available online at least until August 2010, and that it adversely affected Moline's business as "a bio-feedback practitioner." CBS demurred.

After the court granted her an extension to oppose the demurrer, Moline, through counsel, filed a first amended complaint against CBS and the reporter, Kirstin Cole. The first amended complaint alleged the report was published on August 10, 2010. It included causes of action for libel, intentional interference with contractual relations, intentional interference with prospective economic advantage, negligent infliction of

---

**1** SLAPP is an acronym for "'strategic lawsuit against public participation.'" (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 732, fn. 1.) Unless otherwise indicated, statutory references are to the Code of Civil Procedure.

emotional distress, and negligence. CBS demurred again.[2] Moline appeared without counsel at the demurrer hearing in April 2012, and the court deemed the matter submitted after her counsel failed to contact the court. The court sustained the demurrer without leave to amend as to the causes of action for libel, negligence and negligent infliction of emotional distress. It overruled the demurrer as to the cause of action for intentional interference with contractual relations and granted 10 days to amend the cause of action for intentional interference with prospective economic advantage. No amendment was filed.

In May 2012, CBS challenged the one remaining cause of action—intentional interference with contractual relations—in an anti-SLAPP motion. The motion was supported by a declaration of the report's producer and a copy of the report. In June 2012, Moline moved for an extension to file an amendment to the complaint because her attorney had failed to do so. She also moved to continue the hearing on the anti-SLAPP motion, of which she claimed to have just become aware. She acknowledged her attorney had notified her at the end of May that CBS had filed the motion in court, and she filed a written response to it on the day of the hearing.

After taking the matter under submission, the court denied a continuance and granted the anti-SLAPP motion. The court clerk certified that a copy of the order was sent to Moline at her home address. Nevertheless, Moline complained she had no notice the court had ruled against her. Her new counsel went further, claiming Moline had not become aware of the anti-SLAPP motion until after it was granted.

In November 2012, the court granted the CBS motion for $16,618.50 in attorney fees. Moline filed a notice of appeal from the court's interim orders. Judgment was entered in January 2013, and Moline appealed it in case No. B247860. Subsequently, a new judge denied her motion for a settled statement of the earlier hearings, at which there

---

[2] CBS's counsel noted that the demurrer was brought only on CBS's behalf because Cole had not been served. The record does not indicate that Cole received service of process.

3

was no court reporter. On Moline's motion, we consolidated case No. B247860 into her pending appeal in this case.

## DISCUSSION

Moline's opening brief is difficult to follow, and CBS focuses its response on the court's most significant orders on the demurrer, anti-SLAPP motion, and motion for attorney fees. In addition to these orders, we also briefly address Moline's claims of procedural error.

### I

When the trial court sustains a demurrer, we review the complaint de novo to determine whether it contains facts sufficient to state a cause of action. (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 381.) We accept as true all properly pled material facts and consider matters subject to judicial notice. (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

Defamation actions, whether for libel or slander, are subject to a one-year statute of limitations. (§ 340, subd. (c).) Moline's original complaint, filed in May 2011, identified the date of the CBS report as February 15, 2008, more than three years earlier. The first amended complaint substituted a later date—August 10, 2010. "Under the sham-pleading doctrine, admissions in an original complaint that has been superseded by an amended pleading remain within the court's cognizance and the alteration of such statements by amendment designed to conceal fundamental vulnerabilities in a plaintiff's case will not be accepted. [Citation.]" (*Berg & Berg Enterprises, LLC v. Boyle* (2009) 178 Cal.App.4th 1020, 1043, fn. 25.) Moline attempts to justify the later date as the date she actually discovered the report. That date has no legal significance.

Under the single publication rule, a cause of action for defamation accrues, and the statute of limitations begins to run, at the time the defamatory statement is first distributed to the general public, "*regardless* of when the plaintiff . . . became aware of the publication. [Citations.]" (*Shively v. Bozanich* (2003) 31 Cal.4th 1230, 1245–1246.) The rule, codified in the Uniform Single Publication Act (USPA), applies to mass media

4

broadcasts and publications, including the Internet. (See Civ. Code, § 3425.3; *Traditional Cat Assn., Inc. v. Gilbreath* (2004) 118 Cal.App.4th 392, 404.)[3] The USPA applies to any tort action based on a defamatory statement communicated through the mass media. (See *Long v. Walt Disney Co.* (2004) 116 Cal.App.4th 868, 873; *McGuiness v. Motor Trend Magazine* (1982) 129 Cal.App.3d 59, 63.) The delayed discovery rule does not apply in this context because a defamatory statement made available to the general public is not hidden or "'inherently undiscoverable.'" (*Shively v. Bozanich*, at pp. 1249–1250, 1253.)

The trial court correctly sustained the demurrer to the causes of action for libel, negligence, and negligent infliction of emotional distress. All these tort claims were based on the publication of the CBS report to the general public on February 15, 2008, and therefore were in substance actions for libel subject to the USPA and the one-year statute of limitation.

II

On appeal from an order granting or denying an anti-SLAPP motion under section 425.16, we independently determine whether the plaintiff's cause of action arises out of defendant's protected activity and, if so, whether the plaintiff has demonstrated a probability of prevailing on the merits. (*Oviedo v. Windsor Twelve Properties, LLC* (2012) 212 Cal.App.4th 97, 109.)

---

**3** Moline argues the single publication rule should not apply to the Internet, relying on Comment, Internet Publications and Defamation: Why the Single Publication Rule Should Not Apply, 32 *Golden Gate U. L.Rev.* 325 (2002) and cases cited there. (See, e.g., *Swafford v. Memphis Individual Practice Assn.* (Tenn.Ct.App., June 2, 1998, No. 02A01–9612–CV–00311) 1998 WL 281935 [restricted access database]; *Schneider v. United Airlines, Inc.* (1989) 208 Cal.App.3d 71 [credit report]; *Hyde v. Hibernia Nat. Bank* (5th Cir. 1988) 861 F.2d 446 [credit report].) The analogy to credit-report and limited-access-database cases is inapposite because the information at issue in those cases was not publicly available. The arguments Moline advances have been uniformly rejected. (See *Roberts v. McAfee, Inc.* (9th Cir. 2011) 660 F.3d 1156, 1167 [collecting California cases]; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.* (5th Cir. 2007) 512 F.3d 137, 143–145 [collecting cases].)

5

A news report on an issue of public interest is protected under section 425.16, subdivision (e). (See *Lieberman v. KCOP Television, Inc.* (2003) 110 Cal.App.4th 156, 164–165 [television broadcast based on secret recording of doctor's illegal prescription of controlled substances was protected].) Moline argues the false claims in the report are not entitled to protection. Her argument begs the question. The defendant bears the initial burden to show only that the activity was in furtherance of free speech; the plaintiff then has the burden of showing it was not. (*Id.* at p. 165.)

It was Moline's burden to make a prima facie showing that the claims in the report were false by offering "'competent and admissible evidence'" in the trial court. (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26.) Declarations that lack "foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory" are not such evidence and may be disregarded. (*Ibid.*) Moline's declaration in response to the anti-SLAPP motion consisted of conclusory statements that "[t]he device was not, and is not, banned . . . [Its inventor] was not, and is not today, a Felon." She offered no additional facts or evidence to substantiate these statements. On appeal, Moline asks that we take judicial notice of various documents that were not presented to the trial court in relation to the anti-SLAPP motion and are not part of the record on appeal. We cannot do so. (See *Truong v. Nguyen* (2007) 156 Cal.App.4th 865, 882 [documents not presented to the trial court and not part of the record on appeal cannot be considered].)

At the time the anti-SLAPP motion was filed, the only remaining cause of action was for intentional interference with contractual relations. The elements of this tort claim are "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage. [Citations.]" (*Pacific Gas & Electric Co. v. Bear Stearns & Co.* (1990) 50 Cal.3d 1118, 1126.)

CBS points out that Moline offered no evidence supporting this cause of action, focusing in particular on the lack of evidence that anyone involved in the broadcast knew

6

of Moline's existence or practice and intended to interfere with any of her contracts. Moline relies on the reference in the report to "'thousands of practitioners'" as evidence of CBS's awareness of the existence of practitioners like her and its intent to interfere with their business. The knowledge element of an interference claim may be satisfied if the other party to the contract is identified in some way, not necessarily by name. (*Ramona Manor Convalescent Hosp. v. Care Enterprises* (1986) 177 Cal.App.3d 1120, 1133.) The intent to interfere may be "incidental to the actor's independent purpose and desire, but known to him to be a necessary consequence of his action." (*Quelimane Co. Inc. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 56.) The report was arguably intended to protect unwitting consumers from unscrupulous practitioners. Even were it possible to infer an intent to interfere with the practitioners' existing contracts, the record contains no evidence regarding Moline's own existing contracts, any actual interference with them, and any damages she sustained as a result.

Moline responded to the anti-SLAPP motion with the vague statement that the report "had the potential of harming thousands of legitimate practitioners, and it has." She offered no evidence that the report had harmed her personally. The first amended complaint generally alleged Moline had third-party contracts, but identified only her contract with the EPFX inventor. She could not make her prima facie case based on that allegation alone. (See *Nagel v. Twin Laboratories, Inc.* (2003) 109 Cal.App.4th 39, 45 [in opposition to anti-SLAPP motion, "plaintiff cannot rely on the allegations of the complaint alone, but must present admissible evidence"].)

Aside from the lack of competent evidence to support a prima facie case, Moline's intentional interference claim also fails because, like all other causes of action in the first amended complaint, it is a tort claim based on allegedly defamatory statements made in a mass broadcast. As we explained earlier, any such tort claim is subject to the USPA, and the applicable one-year statute of limitation for defamation. (See *Long v. Walt Disney Co.*, *supra*, 116 Cal.App.4th at p. 873; see also *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP* (2005) 133 Cal.App.4th 658, 685–686 [anti-SLAPP motion granted on statute of limitation grounds].)

7

The court properly granted CBS's anti-SLAPP motion. As a prevailing defendant on an anti-SLAPP motion, CBS was entitled to mandatory attorney fees and costs. (§ 425.16, subdivision (c); *Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1131.)

III

Moline complains of various perceived procedural errors. Some of her complaints are based on her insufficient knowledge of court procedure. For instance, she apparently believes that CBS's demurrer and anti-SLAPP motion were improperly heard and granted because a trial date already had been set and she had a right to present her evidence at a jury trial. She appears to be unaware of her burden to present evidence in opposition to an anti-SLAPP motion. Moline maintains that because she has intermittently represented herself, procedural rules should be liberally construed in her favor. Not so. A self-represented litigant "'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys. [Citation.]' [Citation.]" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

Other complaints reflect Moline's misunderstanding of the record. She claims the court failed to rule on her requests for continuance, and that it did not explain its grounds for ruling on the anti-SLAPP motion. The June 25, 2012 minute order states that the court considered the parties' papers and arguments, denied Moline's motion to continue the hearing, and granted CBS's anti-SLAPP motion "for the reasons contained in defendant's moving papers." The denial of a continuance is reviewed for abuse of discretion, and requires reversal only if it "results in the denial of a fair hearing, or otherwise prejudices a party. [Citation.]" (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) This record does not demonstrate that Moline was prejudiced or denied a fair hearing, despite the problems she may have had with her retained counsel. She was not entitled to repeated continuances due to her attorney's failure to appear at hearings, file pleadings, or keep her apprised of motions. She already had been granted a continuance after CBS's original demurrer, and she admittedly knew CBS had filed an anti-SLAPP motion a month before the hearing. She was present at the hearing and submitted a

8

response to the motion.  It is unlikely that a continuance would have changed the outcome on the motion.

**DISPOSITION**

The judgment is affirmed.  CBS is entitled to its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EPSTEIN, P. J.


We concur:


MANELLA, J.


COLLINS, J.