411 S.E.2d 245

**Marilyn PADON and Scott Padon, Plaintiffs Below, Appellants,**

v.

**SEARS, ROEBUCK & CO., a New York Corporation, Terry Boswell, Individually and as Agent of Sears, Roebuck & Co.; and John Doe, Acting as Security Guard for Sears, Roebuck & Co., Defendants Below, Appellees.**

No. 19840.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 25, 1991.

Decided Oct. 31, 1991.

Monty Preiser, Mark D. Moreland, Ann Ewart, Preiser Law Offices, Charleston, for appellants.

John R. Hoblitzell, W. Michael Moore, Kay, Casto, Chaney, Love & Wise, Charleston, for appellees.

BROTHERTON, Justice:

This is an appeal by Marilyn Padon and Scott Padon from an order of the Circuit Court of Kanawha County dismissing Terry Boswell as a defendant in a defamation action instituted by the appellants. The court dismissed Terry Boswell on the ground that the appellants' action was not filed within the period provided by the West Virginia statute of limitations governing such actions. On appeal, the appellants claim that the court improperly calculated when the period of the statute of limitations began to run, and that the court consequently erred in dismissing Terry Boswell as a party defendant. After reviewing the questions presented, this Court agrees with the appellants' assertions and reverses the decision of the Circuit Court of Kanawha County.

In January, 1986, the appellant, Marilyn Padon, was notified by Sears, Roebuck & Co. that a check which she had made to Sears in payment of an account or accounts had been returned for insufficient funds. Ms. Padon, after learning that the check had been returned, went to Sears and replaced the bad check with a replacement check which was covered by sufficient funds.

In spite of the fact that the appellant had covered the deficiency represented by the insufficient funds check, Sears, on or about January 31, 1986, through its agent, Terry Boswell, filed a criminal bad-check complaint in the Magistrate Court of Kanawha County. As a result, the magistrate issued a felony warrant for Marilyn Padon's arrest.

Marilyn Padon, did not learn of the arrest warrant until February 26, 1988. On that day, when she stopped at the pick-up window at Sears, she was accosted and arrested by a Sears employee, who called the police. The police subsequently took Ms. Padon to the Charleston City Police Department at the request of Sears. She was detained at the police department for approximately an hour and a half.

It was subsequently learned that the felony warrant had been based on a complaint without factual basis, and on February 23, 1989, the appellants, Marilyn Padon and Scott Padon, her husband, filed a complaint in the Circuit Court of Kanawha County which charged Sears and others with false arrest, false imprisonment, intentional infliction of emotional distress, slander, and defamation. The complaint was also later amended to incorporate the additional count of malicious prosecution. In the civil complaint, Terry Boswell, the individual who had executed the criminal complaint leading to the issuance of the felony warrant, was charged with defamation. She was later also charged with malicious prosecution.

Following the filing of the civil complaint, Terry Boswell moved to dismiss based on the ground that the civil action had not been instituted within one year next after the alleged tortious conduct on January 31, 1986.

The issue raised by Terry Boswell's motion was briefed by the parties and argued

before the Circuit Court of Kanawha County. On July 19, 1990, the court granted the motion of Terry Boswell to dismiss and ordered that Boswell be dismissed from the action.

In the present proceeding, the appellants claim that the circuit court erred in dismissing Terry Boswell as a party defendant.

*West Virginia Code*, 55–2–12, generally establishes limitations periods from the bringing of civil actions in West Virginia. In the section relevant to the present action, it provides that:

Every personal action for which no limitation is otherwise prescribed shall be brought:

\* \* \* \* \* \*

(c) within one year next after the right to bring the same shall have accrued if it be for any matter of such nature that, in case a party die, it could not have been brought at common law by or against his personal representative.

The appellants properly argue in the present case that this statutory language establishes a one-year limitations period for the bringing of defamation actions such as the action which they brought against Terry Boswell. *See Rodgers v. Corporation of Harpers Ferry*, 179 W.Va. 637, 371 S.E.2d 358 (1988), and *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 244 S.E.2d 321 (1978).

The real question in this case involves the question of when the one-year limitation period begins to run. Does it begin to run when the defamation was committed by Terry Boswell, or does it begin when the appellant, Marilyn Padon, learned that defamation had occurred?

In a number of recent cases this Court has recognized that the limitation periods established by the statutes of limitation are fixed by the legislature, and that the Court has no power to change them. However, the time in which an action is said to have accrued is a matter subject to judicial interpretation, and the Court has recognized the so-called "discovery rule," which provides that in certain types of tort actions the period of the statute of limitations does not

begin to run until the fact of the tort has been discovered, or reasonably should have been discovered. For example, in *Morgan v. Grace Hospital, Inc.*, 149 W.Va. 783, 144 S.E.2d 156 (1965), the Court adopted a "discovery rule" for cases of medical malpractice. In that case, the Court indicated that the application of a rule under which the statute of limitations would run although the plaintiff "did not know and had no reasonable means of knowing of the wrong until after the expiration of the period of limitation" was unrealistic, cruelly harsh, and was a rule which placed "a burden upon the wronged plaintiff which he or she would rarely, if ever, be able to carry." 149 W.Va. at 787, 144 S.E.2d at 159.

The Court has also applied the "discovery rule" in legal malpractice cases. *See, e.g., Family Savings & Loan, Inc. v. Ciccarello*, 157 W.Va. 983, 207 S.E.2d 157 (1974). Even more recently, in *Hickman v. Grover*, 178 W.Va. 249, 358 S.E.2d 810 (1987), the Court indicated that the rule applied in products liability cases. In *Hickman v. Grover*, the Court pointed out that "justice is not done when an injured person loses his right to sue before he discovers if he was injured or who to sue." *Id.* 178 W.Va. at 252, 358 S.E.2d at 813.

A review of the law in other jurisdictions indicates that many adhere to the discovery rule in defamation cases such as the one presently before the Court. *See Manguso v. Oceanside Unified School District*, 152 Cal.Rptr. 27, 88 Cal.App.3d 725 (1979); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 61 Ill.2d 129, 334 N.E.2d 160 (1975); *Burks v. Rushmore*, 534 N.E.2d 1101 (Ind.1989); *Hoke v. Paul*, 65 Hawaii 478, 653 P.2d 1155 (1982); *Armstrong v. Morgan*, 545 S.W.2d 45 (Tex. Civ.App.1976); *Allen v. Ortez*, 802 P.2d 1307 (Utah 1990); *McKown v. Dun & Bradstreet, Inc.*, 744 F.Supp. 1046 (D.Kan. 1990).

The evidence in the present case shows that the appellant, Marilyn Padon, had absolutely no notice that a false complaint had been filed with a magistrate relating to a felony charge until her arrest on or about February 26, 1988. Further, given the fact

that she had covered the bad check, she did not have reason to believe that such a complaint would issue.

In this Court's view, the filing of the false written criminal complaint with no notice to the appellant, Marilyn Padon, did not constitute a publication which was readily apparent. Additionally, there were no circumstances which suggest that she reasonably should have known of it.

■ Given the circumstances of the case, and given the fact that a large number of jurisdictions have adopted the discovery rule, this Court concludes that it is appropriate that the rule be adopted in cases such as the one presently before the Court. Accordingly, the Court holds that, in defamation actions the period of the statute of limitations begins to run when the fact of the defamation becomes known, or reasonably should have become known, to the plaintiff.

■ In applying this rule to the case presently before the Court, the Court finds that the limitations period involved in the appellants' case against Terry Boswell began to run on February 26, 1988, when the appellant, Marilyn Padon, was arrested, the time at which she first learned of the defamation. Given the fact that the limitations began to run at that time, the appellants' action was timely filed within the appropriate limitations period.

For the reasons stated, the judgment of the Circuit Court of Kanawha County is reversed, and this case is remanded with directions that the circuit court restore Terry Boswell as a party defendant in Civil Action No. 89–C–714.

Reversed and remanded with directions.