**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

─────────

**No. 21-1265**

─────────

DUANE PORTER,

        Plaintiff - Appellant,

    v.

BRASKEM AMERICA, INC.; JEFFREY BLATT; MI-DE-CON, INC.,

        Defendants - Appellees.

─────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington. Robert C. Chambers, District Judge. (3:19-cv-00572)

─────────

Submitted: October 22, 2021                      Decided: November 2, 2021

─────────

Before KING, WYNN, and RUSHING, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

James D. McQueen, Jr., MCQUEEN DAVIS, Huntington, West Virginia; Christopher J. Heavens, HEAVENS LAW FIRM, PLLC, Charleston, West Virginia, for Appellant. Alexander C. Ward, VANOVER, HALL & BARTLEY, P.S.C., Ashland, Kentucky; Lori E. Armstrong Halber, FOX ROTHSCHILD LLP, Warrington, Pennsylvania, for Appellees.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Duane Porter appeals the district court's order granting summary judgment to Braskem America, Inc. ("Braskem"), Jeffrey Blatt, and Mi-De-Con, Inc. ("MDC") (collectively, Defendants), on his defamation, tortious interference, and civil conspiracy claims. Finding no error, we affirm.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015) (internal quotation marks omitted). Because Porter brought this case under the district court's diversity jurisdiction, we must apply West Virginia law as it was determined, or as we predict it would be determined, by the highest court of West Virginia. *Young v. Equinor USA Onshore Props., Inc.*, 982 F.3d 201, 206 (4th Cir. 2020).

A defamation claim in West Virginia is governed by a one-year statute of limitations. W. Va. Code Ann. § 55-2-12(c) (LexisNexis 2021); *Padon v. Sears, Roebuck & Co.*, 411 S.E.2d 245, 247 (W. Va. 1991). "[I]n defamation actions the period of the statute of limitations begins to run when the fact of the defamation becomes known, or reasonably should have become known, to the plaintiff." *Padon*, 411 S.E.2d at 248.

We conclude that the district court correctly applied the statute of limitations. Porter learned of the alleged defamatory statements on June 29, 2018, when a Braskem employee informed him of MDC's allegations of financial impropriety, Porter knew that MDC made the accusations, but Porter did not file his complaint until August 5, 2019—after the limitations period had expired. Porter's attempt to rely on his termination date to establish that his defamation claim is timely is misplaced. Porter's termination is the relevant injury for his tortious interference claim, but not for his defamation claim. A statement is defamatory "if it tends so to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." *Crump v. Beckley Newspapers, Inc.*, 320 S.E.2d 70, 77 (W. Va. 1983) (internal quotation marks omitted). Here, the allegations that Porter engaged in financial impropriety caused a reputational injury, and he learned of it prior to his termination. Therefore, the district court did not err in rejecting the defamation claim as time-barred.

"To establish prima facie proof of tortious interference, a plaintiff must show: (1) existence of a contractual or business relationship or expectancy; (2) an intentional act of interference by a party outside that relationship or expectancy; (3) proof that the interference caused the harm sustained; and (4) damages." *Garrison v. Herbert J. Thomas*

*Mem'l Hosp. Ass'n*, 438 S.E.2d 6, 13 (W. Va. 1993). Here, Porter attempts to impart negligence principles of proximate cause, intervening cause, and foreseeability into this analysis, but cites no authority for the proposition these negligence principles apply in a tortious interference case. Tortious interference, as its name indicates, is an intentional tort, and proximate cause as used in the negligence context does not apply. *See McKenzie v. Sevier*, 854 S.E.2d 236, 246 (W. Va. 2020) (concluding that, in battery case, appellants' "argument relying on proximate cause espoused in our negligence jurisprudence is simply inapplicable here in the intentional tort context").

The district court correctly concluded that MDC's allegations did not cause Porter's termination. Braskem investigated and found that the allegations were unfounded. It was Porter's actions of disclosing the investigation, which he was instructed not to do, and using profanity and creating a disturbance on July 26, 2018, that prompted Braskem to terminate his employment. Finally, because Porter's other claims failed, the district court correctly rejected his civil conspiracy claim as well. *See Sheehan v. Saoud*, 650 F. App'x 143, 153 (4th Cir. 2016) (No. 15-1338) (argued but unpublished); *Dunn v. Rockwell*, 689 S.E.2d 255, 269 (W. Va. 2009).

Accordingly, we affirm the district court's order. We deny the motion for leave to file a surreply brief.[*] We dispense with oral argument because the facts and legal

---

[*] We decline to consider Porter's argument raised for the first time in his reply brief regarding Blatt's alleged bad faith. *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017) (recognizing that issues raised for first time in reply brief are waived).

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*