# IN THE COURT OF APPEALS OF IOWA

No. 23-1794
Filed March 5, 2025

**LINDA BETZ,**
      Plaintiff-Appellant,

**vs.**

**REBECCA MATHISEN, ERIC MULLER, KELLY RASMUSON and MICHAEL WILSON,**
      Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Patrick D. Smith, Judge.

A plaintiff in a defamation suit appeals the district court order dismissing her claim. **REVERSED AND REMANDED.**

Michael J. Carroll of Carney & Appleby Law Firm, Des Moines, for appellant.

David Bower, Katie Graham, Haley Hermanson (until withdrawal), and Dana W. Hempy of Nyemaster Goode, P.C., Des Moines, for appellee.

Heard by Tabor, C.J., and Ahlers and Sandy, JJ, but decided en banc.

**AHLERS, Judge.**

Linda Betz was hired by a bank to be its chief information security officer. At least three employees reported directly to her, including the manager of information security—defendant Rebecca Mathisen. Over a year into Betz's tenure, the manager informed Betz that certain Sarbanes-Oxley Act (SOX) controls were not being performed. The manager filed an internal complaint against Betz. The complaint included statements that Betz had improperly certified the relevant controls and was planning to retaliate by firing the manager. The complaint was forwarded to the bank's president and chief executive officer (CEO)—defendant Michael Wilson—who then initiated an investigation.

The investigation was conducted by two members of the bank's internal audit department—defendants Eric Muller and Kelly Rasmuson. The auditors completed multiple reports, with their final report submitted on October 19, 2019. The final report included an action plan as to personnel changes and noted that the CEO had determined Betz should be terminated. As part of the description of the action plan, the final report stated the reasons for the CEO's determination as to Betz's termination included Betz's action described in the manager's complaint and her "questionable prioritization of information security (IS) projects."

The CEO reviewed the auditors' final report and ultimately concluded there was a pattern to Betz's behavior of potential retaliation, her lack of listening to others, and a growing list of issues surrounding IS projects. On January 3, 2020, the CEO terminated Betz's employment with the bank. Following protocol, the bank reported her termination to the Securities Exchange Commission (SEC) through Form 8-K.

On November 11, 2020, Betz filed a lawsuit against the bank, the CEO, and two individuals with whom she worked (two individuals who are not parties to this suit).[1]   Her claims primarily centered on sex discrimination and wrongful termination, but she included a claim for defamation.  She asserted the Form 8-K filed with the SEC was defamatory by failing to specify that she was terminated "without cause."  Betz further alleged the bank and its employees made slanderous and libelous statements regarding her job performance and the reasoning behind her termination.  The federal court ultimately dismissed Betz's state common law claims, including the defamation claim, for failure to state a claim for which relief could be granted.  *See Betz v. Fed. Home Loan Bank of Des Moines*, 549 F. Supp. 3d 951, 969 (S.D. Iowa 2021).

Betz filed the present lawsuit on March 6, 2023—about two months after dismissal of her federal suit.  She alleges a single count of defamation against the manager, the two auditors, and the CEO.  Betz contends the statements made in the manager's complaint, the statements made in the interim and final audit reports, and comments made by the CEO damaged her reputation and ultimately led to the termination of her employment.  The district court granted the defendant's motion to dismiss Betz's suit because it was filed outside the two-year statute of limitations under Iowa Code section 614.1(2) (2023).

On appeal, Betz argues the district court erred in dismissing her suit.  She contends the discovery rule should be applied to her claim.  Betz also asserts the district court incorrectly found she was on inquiry notice of the alleged defamation.

---

[1] The suit was originally filed in an Iowa state court, but the defendants removed the case to federal court.

A ruling on a motion to dismiss is reviewed for correction of legal error. *White v. Harkrider*, 990 N.W.2d 647, 650 (Iowa 2023). A party is entitled to dismissal only if the petition demonstrates the claims are legally insufficient and "the plaintiff has no right of recovery as a matter of law." *Id.*

Under Iowa law, a claim for defamation must be brought within two years. *See* Iowa Code § 614.1(2). Betz concedes that the two-year-limitation period begins to run on the date of publication. *See Kiner v. Reliance Ins.*, 463 N.W.2d 9, 13 (Iowa 1990). However, she contends the discovery rule should apply to save her claim. Under the discovery rule, "a claim does not accrue until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause." *Rieff v. Evans*, 630 N.W.2d 278, 291 (Iowa 2001) (quoting *Woodroffe v. Hasenclever*, 540 N.W.2d 45, 47 (Iowa 1995)). Betz argues the discovery rule should apply to her defamation claim, as she was unaware of the alleged defamatory statements at the time they were published. She maintains that it was not until late March 2021 at the earliest—through discovery in her federal suit—that she became aware of specific statements made by the defendants in this suit. She contends the discovery rule should apply to toll the start of the limitation period to at least late March 2021, which would make the filing of this lawsuit on March 6, 2023, timely.

The district court declined to apply the discovery rule to Betz's claim. The court also concluded that, even if the rule did apply, her claim was still untimely because Betz knew of the claims at least by November 2020, when she filed her first suit.

Both parties acknowledge the Iowa Supreme Court has not directly addressed whether the discovery rule applies to defamation claims. *See Linn v. Montgomery*, 903 N.W.2d 337, 343 (Iowa 2017) ("We have not decided whether the discovery rule applies to [Iowa Code section 614.1(2) (2015)] for nonnegligence claims such as defamation."). But our court has held that the discovery rule does not apply to defamation claims. *See Stites v. Ogden Newspapers, Inc.*, No. 00-1975, 2002 WL 663621, at *2 (Iowa Ct. App. Apr. 24, 2002) (refusing to apply the discovery rule to a defamation claim); *see also Davenport v. City of Corning*, No. 06-1156, 2007 WL 3085797, at *6 (Iowa Ct. App. Oct. 24, 2007) ("We accordingly conclude the district court was correct in finding the statute of limitations begins to run on the date of publication, not on the date the plaintiff discovers or reasonably should have discovered the slanderous statement.").

Betz asks us to disavow *Stites* and *Davenport*, arguing the foundation upon which they are built is faulty and there is no persuasive reason why defamation claims should not be subject to application of the discovery rule. After reviewing *Stites* and *Davenport* as well as other relevant case law, we agree with Betz.

*Stites* and *Davenport* are unpublished opinions. As such, they are not binding precedent on appeal. Iowa R. App. P. 6.904(2)(a)(2); *accord State v. Lindsey*, 881 N.W.2d 411, 414 n.1 (Iowa 2016) (noting "unpublished decisions of the court of appeals do not constitute binding authority on appeal" but may help "define the issues" before the district court). But even though the cases are not binding on appeal, they serve as guidance for the district court and bar, and we strive for consistency in our opinions, so we do not disavow unpublished opinions

lightly. *See State v. Kraai*, No. 19-1878, 2021 WL 1400366, at *6 (Iowa Ct. App. Apr. 14, 2021) (en banc), *aff'd*, 969 N.W.2d 487 (Iowa 2022). That said, we disavow unpublished opinions when convinced they were wrongly decided. *Id.* We take that course here.

Both *Stites* and *Davenport* rely on *Kiner* to reach the conclusion that the discovery rule does not apply to defamation claims. *See Stites*, 2002 WL 663621, at *2; *Davenport*, 2007 WL 3085797, at *6. But *Kiner* merely holds that the statute of limitations on a defamation claim begins to run on the date of publication; it says nothing about the discovery rule. *See* 463 N.W.2d at 13–14. And since *Stites* and *Davenport* were decided, our supreme court has expressly noted that whether the discovery rule applies to nonnegligence claims such as defamation has not been decided. *See Linn*, 903 N.W.2d at 343. In reaching such conclusion, the supreme court acknowledged *Kiner*, but dismissed any suggestion that it was controlling on the question by noting that the discovery rule was not argued in *Kiner*. *Id.* n.3.

Because *Stites* and *Davenport* rely on *Kiner* as the basis for not applying the discovery rule to a defamation claim, and the supreme court has expressly held that *Kiner* is not a discovery-rule case and thus does not answer the question of whether the discovery rule applies to a defamation claim, the foundation upon which *Stites* and *Davenport* is built is imaginary. Further, *Linn* confirms that whether the discovery rule applies to defamation claims remains an open question, further undercutting any suggestion that *Stites* and *Davenport* are controlling. *See id.* at 343. The lack of foundation for the conclusion reached in *Stites* and *Davenport* causes us to conclude they do not express a correct statement of the law on this issue. As a result, we disavow them.

Having concluded that *Stites* and *Davenport* do not control, we must still decide whether to apply the discovery rule to a defamation claim, as *Linn* has acknowledged this as an open question. We begin by looking at how other states have answered this question. Other states appear to fall into one of three camps: (1) unqualified acceptance of the discovery rule in defamation cases; (2) qualified acceptance of the discovery rule—only permitting application of the rule when publication is inherently undiscoverable or not a matter of public knowledge; and (3) unqualified rejection of the discovery rule. *See generally* Francis M. Dougherty, Annotation, *Limitation of Actions: Time of Discovery of Defamation as Determining Accrual of Action*, 35 A.L.R.4th 1002 (1985). Although determining into which of these camps a particular state falls can sometimes be more art than science, our research suggests that five states have unqualifiedly adopted the discovery rule in defamation cases,[2] ten have adopted the discovery rule only in cases when the publication is inherently undiscoverable or not a matter of public knowledge,[3]

---

[2] *See Puana v. Kealoha*, 587 F. Supp. 3d 1035, 1048 (D. Haw. 2022) (applying Hawaii law); *Smith v. IMG Worldwide, Inc.*, 437 F. Supp. 2d 297, 306 (E.D. Pa. 2006) (applying Pennsylvania law); *Padon v. Sears, Roebuck & Co.*, 411 S.E.2d 245, 248 (W. Va. 1991); *Allen v. Ortez*, 802 P.2d 1307, 1313–14 (Utah 1990); *Burks v. Rushmore*, 534 N.E.2d 1101, 1104 (Ind. 1989).

[3] *See Davalos v. Bay Watch, Inc.*, 240 N.E.3d 753, 764 (Mass. 2024); *Shively v. Bozanich*, 80 P.3d 676, 687–88 (Cal. 2003); *Dulude v. Fletcher Allen Health Care, Inc.*, 807 A.2d 390, 399 (Vt. 2002); *Digit. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 839–41 (Okla. 2001); *Staheli v. Smith*, 548 So. 2d 1299, 1303 (Miss. 1989); *Clark v. Airesearch Mfg. Co. of Ariz., Inc.*, 673 P.2d 984, 986 (Ariz. Ct. App. 1983); *Sears, Roebuck & Co. v. Ulman*, 412 A.2d 1240, 1242–44 (Md. 1980); *White v. Gurnsey*, 618 P.2d 975, 976–78 (Or. Ct. App. 1980); *Kelley v. Rinkle*, 532 S.W.2d 947, 949 (Tex. 1976); *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.*, 334 N.E.2d 160, 164 (Ill. 1975).

fourteen have rejected the discovery rule,[4] and three (including Iowa) are undecided on the issue.[5]

Having considered the competing case law and the parties' arguments, we find the cases applying the discovery rule in defamation cases in limited circumstances more persuasive than those that decline to do so, and we see no convincing reason not to apply it here. The policy behind the discovery rule is that it is "unfair to charge a plaintiff with knowledge of facts which are unknown and inherently unknowable." *Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 567 (Iowa 2018) (cleaned up). This policy consideration warrants application of the

---

[4] *See Harris v. Tietex Int'l Ltd.*, 790 S.E.2d 411, 416 (S.C. Ct. App. 2016); *Horne v. Cumberland Cnty. Hosp. Sys., Inc.*, 746 S.E.2d 13, 20 (N.C. Ct. App. 2013); *Casa de Meadows Inc. (Cayman Is.) v. Zaman*, 908 N.Y.S.2d 628, 631–32 (N.Y. App. Div. 2010); *Lewis v. Del. Cnty. Joint Vocational Sch. Dist.*, 829 N.E.2d 697, 700 (Ohio Ct. App. 2005); *Quality Auto Parts Co. v. Bluff City Buick Co.*, 876 S.W.2d 818, 821–22 (Tenn. 1994); *Wagner, Nugent, Johnson, Roth, Romano, Erikson & Kupfer, P.A. v. Flanagan*, 629 So. 2d 113, 115 (Fla. 1993); *LaPan v. Myers*, 491 N.W.2d 46, 49 (Neb. 1992); *McGaa v. Glumack*, 441 N.W.2d 823, 825 (Minn. Ct. App. 1989); *L. Cohen & Co. v. Dun & Bradstreet, Inc.*, 629 F. Supp. 1425, 1429 (D. Conn. 1986) (applying Connecticut law); *Mikaelian v. Drug Abuse Unit*, 501 A.2d 721, 725 (R.I. 1985); *Lawrence v. Bauer Publ'g & Printing Ltd.*, 396 A.2d 569, 571 (N.J. 1979) (Pashman, J., concurring); *Lashlee v. Sumner*, 570 F.2d 107, 109–10 (6th Cir. 1978) (applying Kentucky law); *Rinsley v. Brandt*, 446 F. Supp. 850, 852–53 (D. Kan. 1977) (applying Kansas law); *Brown v. Chi., Rock Island & Pac. R.R.*, 212 F. Supp. 832, 835 (W.D. Mo. 1963) (applying Missouri law).

[5] *See Arthaud v. Fuglie*, 987 N.W.2d 379, 381 (N.D. 2023) ("We find it unnecessary to determine whether the discovery rule should apply to defamation claims because the Uniform Single Publication Act, as adopted by the North Dakota legislature, precludes application of the discovery rule when the alleged defamatory statement was made to the public."); *Linn*, 903 N.W.2d at 343 (stating that Iowa has "not decided whether the discovery rule applies to [the limitations statute] for nonnegligence claims such as defamation"); *Jacobson v. Leisinger*, 746 N.W.2d 739, 746 (S.D. 2008) ("Although [an argument for application of a discovery rule when the allegedly defamatory statement is inherently undiscoverable] is persuasive, we need not reach this limited application of the so-called 'discovery rule.'").

rule to defamation claims just as much as it warrants application of the rule to negligence actions, where such application is generally permitted.

For these reasons, we hold that the discovery rule applies to a defamation claim in circumstances such as this, where the allegedly defamatory statements were inherently secretive, inherently undiscoverable, or not a matter of public knowledge. We need not and do not decide whether to apply the rule to defamation claims in general. Here, the alleged defamatory statements were inherently secretive in nature, as they were made in an internal complaint, in internal audit reports, and by in-house comments made by the CEO while terminating Betz's employment—all statements to which Betz would have had restricted or nonexistent access. We conclude the discovery rule applies in this situation.[6] We leave for another day the question whether the discovery rule should apply with a more publicly distributed statement.

Because of our decision to disavow *Stites* and *Davenport* and apply the discovery rule under these limited circumstances, we disagree with the district court's decision not to apply it. Of course, by disagreeing with the district court, we mean no criticism of it, as it had no reason to know we would disavow *Stites* and *Davenport*, and it therefore understandably relied on those cases.

Though we have determined that the discovery rule applies to a defamation claim in circumstances such as this, a determination still needs to be made

---

[6] Betz's claim is similar to the one addressed in *Kelley v. Rinkle*, where the plaintiff was falsely reported to a credit agency for owing money past due but did not learn of the defamatory statement until he was later denied credit services. 532 S.W.2d at 947–48. There, the court held that the statute of limitations on a defamatory report does not begin until the person defamed learns of, or should by reasonable diligence have learned of, the existence of the report. *Id.* at 949.

whether it applies to Betz's particular claim. The discovery rule tolls the statute of limitations "until the plaintiff knows or in the exercise of reasonable care should have known both the fact of the injury and its cause." *MidWestOne Bank v. Heartland Co-op*, 941 N.W.2d 876, 884 (Iowa 2020) (quoting *K&W Elec., Inc. v. State*, 712 N.W.2d 107, 116 (Iowa 2006)). Determining what Betz knew and when she knew it such that a decision can be made whether and to what extent the statute of limitations should be tolled by application of the discovery rule is a factual inquiry that cannot be resolved at this motion-to-dismiss stage of the proceedings. *See Nahas v. Polk Cnty.*, 991 N.W.2d 770, 776 (Iowa 2023) (noting that a motion to dismiss may only be granted if the petition "shows no right of recovery under any state of facts" (citation omitted)). We respectfully disagree with the district court's conclusion that this factual determination can be made at the motion-to-dismiss stage in this case. Resolving the factual question of what Betz knew and when she knew it will need to be resolved on remand by motion practice—other than a motion to dismiss—or trial.

Having determined that the discovery rule applies to a defamation claim in limited situations and that factual disputes need to be resolved to determine to what extent the discovery rule tolled the statute of limitations on Betz's claim, we hereby reverse the district court's grant of the defendants' motion to dismiss. We remand for further proceedings as if such motion had been denied. And, because the district court declined to consider alternative grounds for dismissal (e.g., issue preclusion), we decline to address those alternative grounds and express no

opinion on them. Those alternative grounds, and any other grounds properly raised on remand, can be resolved by the district court in due course.

**REVERSED AND REMANDED.**

Tabor, C.J., and Badding, Chicchelly, Langholz, and Sandy, JJ., concur; Greer, Schumacher and Buller, JJ., dissent.

**GREER, Judge** (dissenting).

I respectfully dissent from the majority's decision to reverse the district court's dismissal of Linda Betz's defamation claim on statute-of-limitation grounds. I would affirm the district court's decision as it is well-written and sound. The district court found that Betz had inquiry notice of her potential defamation claim when she filed a November 11, 2020 lawsuit that was dismissed in federal court. *See Betz v. Fed. Home Loan Bank of Des Moines*, 549 F. Supp. 3d 951, 966 (S.D. Iowa 2021). Thus, her claim for defamation filed in March 2023 is barred by the applicable two-year statute of limitations because she had until only November 2022 to file her action.

At this point in the proceedings, whether the discovery rule applies to a defamation action does not matter, as Betz was on inquiry notice based upon her earlier allegations in the first suit involving her employment at the bank. In November 2020, Betz filed her first lawsuit involving her employment against the bank and three employees, including the CEO Michael Wilson, who is also a defendant in this current case. In the first lawsuit, under her claim for "defamation by implication, defamation per se" (count V), she asserted among other allegations that, "[u]pon information and belief, Defendants have *also made additional slanderous and libelous statements* regarding Plaintiff's ability to perform her job or surrounding the circumstances of her termination, which include, but are *not limited to statements made to the Bank's regulator*, the Federal Housing Finance Agency." (Emphasis added.) Then, in the same filing, she claimed civil conspiracy (count IX), alleging: "Defendants formed an agreement to intentionally and improperly interfere in the employment relationship existing between Plaintiff and

[Federal Home Loan Bank]-Des Moines and to make *false and/or defamatory statements* regarding Plaintiff and/or to cast Plaintiff in a false light." (Emphasis added.)

As already stated, the federal court dismissed her first suit. Then in March 2023, Betz followed that dismissal by again bringing claims related to her employment against Wilson, but also against three other employees—a manager and two auditors: Rebecca Mathisen, Eric Muller, and Kelly Rasmuson. To support her argument related to the discovery rule, Betz argues that it was not until March 2021, during discovery in the first lawsuit, that she learned of the specific statements made. She contends that would have extended the statute of limitations and her second lawsuit was timely.

As the majority sees it, because the discovery rule applies to defamation cases like Betz's, there must be a factual determination of "what Betz knew and when she knew it" before this case can be dismissed. In essence, the majority found the case was dismissed prematurely. I disagree. "A party is placed on inquiry notice when a person gains sufficient knowledge of facts that would put that person on notice of the existence of a problem or potential problem." *Buechel v. Five Star Quality Care, Inc.*, 745 N.W.2d 732, 736–37 (Iowa 2008) (rejecting the contention that there was a genuine question of material fact that prohibited dismissal when there were sufficient facts to notify the plaintiffs of a "potential problem, requiring further investigation"). "On that date, [a person] is charged with knowledge of facts that would have been disclosed by a reasonably diligent investigation." *Sparks v. Metalcraft, Inc.,* 408 N.W.2d 347, 351 (Iowa 1987). "Once a person is aware that a problem exists, the person has a duty to investigate 'even

though the person may not have knowledge of the nature of the problem that caused the injury.'" *Buechel*, 745 N.W.2d at 736 (citation omitted). "[T]he limitations period begins not with actual knowledge, but rather once the plaintiff is placed on inquiry notice." *Bandstra v. Covenant Reformed Church,* 913 N.W.2d 19, 44 (Iowa 2018).

To meet the test over inquiry notice, a party does not have to show that you knew of the specific statements made or published, instead, it is sufficient to prove that the person had notice that such evidence *might* exist. Here, Betz made allegations in her November 2020 petition that described slanderous, false, or defamatory statements made at work that might cast her in a false light. Once those allegations were made, she had an obligation to investigate. Her allegations go directly to her notice that bank employees likely made slanderous or libelous statements against her. To that point, Betz did not have to know about the specific documents or comments that were involved, such as those received in discovery in late March 2021 in the present suit. Instead, inquiry notice comes into play when she was aware that she had a prima facie case of defamation. Certainly, filing a lawsuit and making those allegations related to defamation at the workplace would qualify. *See Mormann v. Iowa Workforce Dev.*, 913 N.W.2d 554, 576-77 (Iowa 2018). The allegations made in her original lawsuit is a killer to Betz's current defamation claim. The supreme court has said:

> "A defendant may raise the statute of limitations by a motion to dismiss if it is obvious from the uncontroverted facts contained in the petition that the applicable statute of limitations bars the plaintiff's claim for relief." *Venckus v. City of Iowa City,* 930 N.W.2d 792, 809 (Iowa 2019) (quoting *Turner v. Iowa State Bank & Tr. Co. of Fairfield,* 743 N.W.2d 1, 5 (Iowa 2007)); *see also Mormann*[,913 N.W.2d at 557] (affirming order granting motion to dismiss and noting that

whether discovery rule and equitable estoppel apply "is often a fact-intensive inquiry for which a ruling on a motion to dismiss or at the summary judgment stage is often inappropriate. Yet, it is also true that a plaintiff may plead himself out of court by alleging facts that provide the [defendant] with a bulletproof defense and foreclose application of equitable tolling." (citation omitted)).

*Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 299 (Iowa 2020) (second alteration in original). I think this reasoning applies here—where there is a petition with defamation claims against one common bank employee in both filings and the allegations involve the same workplace. Thus, I would conclude the district court properly dismissed the defamation claims and affirm.

Schumacher and Buller, JJ., join this dissent.